# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION
# CIVIL ACTION 1:17-CV-00184-GNS-HBB

**DYLEAN CLARK**                                                                                                              **PLAINTIFF**

**VS.**

**CHRIS RENEER**
**BUTLER COUNTY SHERIFF'S DEPT.**                                          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is the Plaintiff's motion to amend the scheduling order to extend discovery and pretrial deadlines (DN 17). The Defendants have responded in opposition at DN 18 and Plaintiff has not filed a reply.

### Nature of the Case

Plaintiff originally filed this action in state court. On November 13, 2017 the Defendants removed the action to this Court. Plaintiff is the administrator of the estate of Randy Clark. Her complaint alleges that Defendant Chris Reneer fatally shot Clark. She further alleges that Reneer was an off-duty Deputy Sheriff with the Butler County Sheriff's Department and that "Reneer's actions violated both state and federal statutory civil protections of Randy Clark" (DN 1-1, p. 3).

On January 4, 2018 the Court entered the scheduling order (DN 9). The order established a fact-discovery deadline of December 3, 2018. The scheduling order also set a telephonic status conference on December 10, 2018 following the close of discovery. The conference was conducted as scheduled, and Plaintiff's attorney advised the Court that he was still awaiting information from the Kentucky State Police and wished to conduct one or more depositions of KSP representatives before deposing fact witnesses in the case. Defendants noted that the

discovery deadline had passed and opposed any further discovery. The undersigned directed the Plaintiff to file a motion demonstrating good cause to extend the discovery deadline (DN 19).

Plaintiff's Motion

Plaintiff states that she sent an open-records request to the KSP on May 26, 2017 for the agency's investigative file on the shooting. In a conversation with a KSP representative on October 18, 2017 Plaintiff was informed that the matter was still under investigation and KSP could not produce the file until the investigation concluded. KSP provided a portion of the investigative file on January 9, 2018 which listed audio recordings related to the investigation, but no recordings were included. These were recordings of Reneer and three witnesses.

On June 20, 2018 Plaintiff made a request to Defendants for all audio recordings listed in the KSP investigative file. Defendants responded that they had produced everything they had from the KSP and suggested a follow-up open records request to the KSP. Plaintiff sent the follow-up request on July 27, 2018. On September 17, 2018 Plaintiff received copies of audio recordings from the Defendants. These recordings were of two of the witnesses, but did not include recordings of Reneer or Bruce West, who was driving the vehicle in which Clark was an occupant at the time of the incident. By letter dated September 24, 2018 the KSP advised Defendants' counsel that it could not locate any recordings. (Defendants shared this letter with Plaintiff by way of an e-mail dated October 5, 2018 (DN 18-2)). Plaintiff's suspicion is that the KSP has either lost the recordings of Reneer and West or, more egregiously, is concealing them.

Plaintiff desires to take discovery depositions from the KSP to explore the status of the "lost" recordings. Following this, Plaintiff wishes to take the discovery deposition of Reneer and the other witnesses. She asks that the discovery deadline be extended for these purposes, as well as related pretrial deadlines.

Defendants' Response

Defendants do not contest Plaintiff's chronology of her efforts to obtain the KSP recordings. Defendants do contend, however, that this chronology demonstrates a lack of good cause for extending the deadlines. They note that they have encountered difficulty in obtaining discovery from the Plaintiff in a timely manner and have had to seek the Court's intervention. They note that Plaintiff sought the KSP recordings for over a year but chose not to take depositions in the interim, including those of the two witnesses for whom she has recordings. Defendants also question why Plaintiff waited until after the discovery deadline closed to request an extension, even though she knew two months in advance that the KSP claimed not to have any recordings. Defendants argue these facts demonstrate a lack of good cause for extension of the discovery deadline.

Discussion

Fed. R. Civ. P. 16(b)(4) states that a schedule "may be modified only for good cause and with the judge's consent." "'The primary measure of [Civil] Rule 16's "good cause" standard is the moving party's diligence in attempting to meet the case management order's requirements,' though courts may also consider prejudice to the nonmoving party." Smith v. Holston Med. Grp., P.C., 595 F. App'x 474, 478 (6th Cir. 2014) (*quoting* Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002)). The Court must first find that the moving party proceeded diligently before considering whether the nonmoving party is prejudiced, and only then to ascertain if there are any additional reasons to deny the motion. Id. at 479. In other words, to demonstrate good cause a party must show that despite their diligence the timetable could not reasonably have been met. Woodcock v. Kentucky Dept. of Corr., No. 5:12-CV-00135-GNS-LLK, 2016 WL 3676768, *2 (W.D. Ky. July 6, 2016).

When amendment of a scheduling order is to allow additional time for discovery, the Court considers several factors. These include (1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below [*i.e.* the outcome at the trial court]; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests. Dowling v. Cleveland Clinic Found., 593 F.3d 472, 478 (6th Cir. 2010).

Plaintiff contends the investigation documents produced by the KSP indicate that there are, or were, recorded statements or interviews from Defendant Reneer and eyewitness driver West, both unquestionably important witnesses. Plaintiff has been attempting to obtain the recordings, but has been advised by KSP, after some delay, that they cannot be located. Plaintiff indicates that she needs to explore this question before she is fully satisfied. She has been delaying taking depositions until she has verified that the recordings are truly unavailable, as they could provide important cross-examination or impeachment information. However, as Defendants point out and the Court noted in Pogue v. Northwestern Mut. Life Ins. Co., No. 3:14-CV-598-CRS-CHL, 20165 U.S. Dist. LEXIS 71156 (W.D. Ky. June 1, 2016), the focus of the inquiry is not on *why* the party needs the requested discovery. The focus as to the "reason for the delay" must be the reason the party did not request the extension before the expiration of the discovery deadline. "This factor relates to the reason for the delay in seeking an extension, *not* the reason that the moving party believes an extension is needed." Id. at *14 (emphasis in original).

Under the good cause analysis's first factor, the Court looks to when the Plaintiff learned of the issue which is the subject of discovery. Under the third factor the Court considers the length of the discovery period. Under the fourth factor the Court considers whether the Plaintiff was dilatory. All three of these factors weigh against the Plaintiff. Plaintiff has known of the apparent

existence of the recordings since January 9, 2018. From that date she had almost eleven months to pursue discovery of the recordings. It was seven months before she followed up with the KSP.

She obtained two of the four tapes by September 17, 2018, but apparently made no effort to depose those witnesses in the time remaining before the December 3, 2018 deadline. She was informed by e-mail on October 5, 2018 of the KSP's position that the other two tapes could not be located. Although about a month remained before the discovery deadline expired, Plaintiff does not indicate that she attempted to schedule any depositions of KSP representatives.

Plaintiff knew of the potential existence of the recordings, that KSP professed an inability to locate them and that time was running short to complete discovery. Nonetheless, Plaintiff did not file a motion to extend the discovery deadline. Indeed, she did not raise the issue until the telephonic status conference which took place after the deadline expired.

As to the second factor, the importance of the requested discovery, the factor weighs in favor of the Plaintiff insofar as the issue of the potentially missing witness recordings. The fifth factor, whether the opposing party was responsive to discovery requests, does not weigh in Plaintiff's favor. Defendants provided Plaintiff with the two recordings they have (and which KSP has apparently been unable to produce) and the letter from the KSP to Defendants' counsel dated October 2, 2018 (DN 18-1) indicates that Defendants have been pursuing production through their own Open Records Act request. It is evident that to the extent production was within their power Defendants have been cooperating in discovery.

**WHEREFORE**, the motion of Plaintiff to extend the discovery deadline, DN 17, is **DENIED**. At DN 19 the undersigned stayed the remaining pretrial deadlines pending resolution of this motion. Consequently, the deadlines are reset as follows: dispositive motions and motions related to the admissibility of expert testimony pursuant to Fed. R. Evid. 702 (Daubert motions)

shall be due by January 28, 2018. In the event neither party files a motion of these types, the parties are directed to contact the undersigned's Case Manager to schedule a telephonic status conference to set a trial date. In the event a motion of these types is filed, the undersigned will await ruling before contacting the parties to set the telephonic conference.

Copies: Counsel